UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., MICHELE KIMBALL and ANNA JUELFS, <br><br> Plaintiffs, <br><br> vs. <br><br> CATHEDRAL ROCK CORPORATION, et al., <br><br> Defendants. | Case No. 4:03CV1090 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Relators Motion for Award of Attorneys' Fees and Expenses. Defendants oppose the motion. For the reasons set forth below, the Motion is granted, as herein provided.

Relators seek attorneys' fees and expenses incurred in this matter under the provisions of 31 U.S.C. § 3730(d)(1), which provides, in pertinent part, "Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C.A. § 3730. Relators have submitted their verified statement of fees and expenses,

seeking a total of $168,237.00[1]

Defendants object to this amount and ask the Court to either deny the motion in its entirety or reduce the amount by 75%. In support of their objections, Defendants set forth various arguments. Defendants contend that Relators' counsel have been previously compensated by reason of a separate suit filed by counsel on behalf of Relator Michele Kimball in a separate employment actions. As counsel for Relators sets out, however, a different attorney represented Ms. Kimball in that action, and the fee request in this action does not include the time expended by the employment attorney.

Defendants also argue that the fee request does not specifically delineate the time expended and the nature of the billing entries. To the contrary, the Court has reviewed each entry and finds that it clearly details which attorney spent what amount of time on various specific tasks. Although Defendants may seek each and every detail of the time spent, time constraints dictate brief entries, so long as the client and in this case, the Court can ascertain the subject matter of the work, the time spent, and by whom.

Incredibly, Defendants argue that the amount of research time is too much for a firm that is familiar with *qui tam* actions. The Court has specifically reviewed the

---

[1] This amount reflects the amended fee request which Relators have submitted.

entries for research throughout the nine plus years this matter has been pending. While the law firm may be familiar with the type of action involved herein, the Court believes that the research time is not only reasonable, but indeed prudent, as the law may have changed since the inception of this case. Basic legal training mandates thorough research of the law prior in each instance. Assumption that the law has remained stagnant is neither wise nor satisfies an attorney's ethical obligation to his client.

Moreover, the Court agrees that counsel is entitled to fees in the amount currently charged. As counsel points out, the fees have not been paid since this matter was initiated in 2003. Counsel has carried the burden of nonpayment for a significant number of years and is now entitled to receive fees at the current rate.

While counsel for Relators was diligent in the billing entries, the Court cannot say the same for its expenses. There is a compete lack of detail for "reproduction Charges," such that the Court is unable to ascertain the propriety of the copies or whether such copies were necessarily incurred. As such, the Court must deny the request for same.

Similarly, counsel's request for $45.00 for messenger service falls outside the realm of reasonable. Counsel has provided no support for such messenger services and the Court can fathom none.

Likewise, the request for $3,163.89 for Westlaw time charges is disallowed. While counsel may believe these charges are necessary, the Court disagrees. Such charges should be encompassed within the research fees charged and should not be passed on to the paying entity. Westlaw is not a "necessary" expense, rather, it serves as an aid to counsel in research.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Award of Attorneys' Fees, [Doc. No 108], is granted, as provided herein.

**IT IS FURTHER ORDERED** that Relators are awarded $164,830.05 against Defendants for attorneys' fees and expenses.

Dated this 11th day of January, 2010.

_____
    HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE